IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIRECTV INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-336-RGA |
| KENNETH HEAPS, and TCBT LLC, | : | |
| Defendants. | : | |

## **MEMORANDUM**

The Plaintiff has obtained a default judgment. Plaintiff states (correctly) that the relevant statutory provisions provide for damages of up to $10,000 for the Defendant's "unlawful exhibition for commercial advantage of the satellite signal of the NFL Sunday Ticket Programming on October 17, 2010." (D.I. 11, p. 9). The Plaintiff also seeks enhanced damages of up to $100,000 since the violation was "willful and [for] direct or indirect commercial advantage or private financial gain." (*Id.*). See 47 U.S.C. § 605 (e)(3)(C)(i)(II) & (ii).

In connection with calculating a reasonable amount of damages, the Court takes note of D.I. 13-1, at 6-7, which is the Affidavit of Plaintiff's agent who witnessed and documented the violations. The agent was in the Defendant establishment for about an hour and twenty minutes, and three times noted the "head counts," which were 3, 4, and 6. It is not clear whether that included the two individuals who were working there. It is also not clear how much turnover there was. An instructive analysis of a damage calculation was made in *J & J Sports Productions, Inc. v. Ribeiro*, 562 F.Supp. 2d 498 (S.D.N.Y. 2008). I will follow that approach. Assuming that there were as many as ten different people watching, at $50 per person, that would

be $500. The statute requires a minimum award of $1,000 for the "unlawful exhibition." For the "willful" violation, courts typically award three to six times the statutory damages as enhanced damages. Taking into account both the size of the establishment (estimated seating – 201-300) as well as the pathetic amount of patronage, the Court will award $3,000 as enhanced damages.

The statute also provides for the awarding of full costs, including reasonable attorneys' fees. The Motion for Default Judgment includes a statement that appears to seek $1,267.79 in expenses and $2,832.50 in attorneys' fees, but the proposed default judgment only seeks the attorneys' fees. There does not appear to be an affidavit or declaration in support of the request for attorneys' fees, and the Court notes that in *J & J Sports Productions, supra*, the Plaintiff was represented by the same New York law firm as appears in this case, and the affidavit submitted in support of attorneys' fees only came to $685. Even allowing for the extra cost of local counsel, it does not seem appropriate to award attorneys' fees in the requested amount.

If the Plaintiff submits an affidavit with appropriate documentation no later than two weeks from the date this Memorandum is filed, the Court will award attorneys' fees.

*Richard G. Andrews*
United States District Judge  3/22/17